UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                                      **MEMORANDUM AND ORDER**
                                                        Case No. 14-CR-155 (FB)

MARVINS GUSTAVE

             Defendant.
-------------------------------------------------x

*Appearances:*
*For the United States:*               *For the Defendant:*
KELLY T. CURRIE, ESQ.                  LARRY H. KRANTZ, ESQ.
Acting United States Attorney          747 Third Avenue
Eastern District of New York           32nd Floor
By: MOIRA KIM PENZA, ESQ.              New York, New York 10004
   Assistant United States Attorney
271 Cadman Plaza East                  CLAUDIA SLOVINSKY, ESQ.
Brooklyn, New York 11201               233 Broadway, Suite 2005
                                       New York, New York 10279
                                       *Of Counsel*

**BLOCK, Senior District Judge:**

      Defendant, Marvins Gustave, a Haitian citizen, has been charged with illegal

reentry after having been deported in 2003 for being convicted of sexual abuse in the

first degree. Pursuant to 8 U.S.C. §1326(d), he claims that his underlying deportation

hearing, at which he sought political asylum, violated due process because the IJ did

not sufficiently develop the record and (1) improperly discredited his testimony; (2)

unreasonably demanded corroborating evidence; (3) created a "hostile environment"

by repeatedly interrupting his testimony. Gustave now seeks to dismiss the indictment

or, alternatively, a factual hearing, *see, e.g.*, *United States v. Sosa*, 387 F.3d 131, 138-

39 (2d Cir. 2004); *United States v. Copeland*, 376 F.3d 61, 75 (2d Cir. 2004)(ordering hearings to resolve relevant factual disputes).

As an initial matter, Gustave contests that he did not receive the IJ's decision, and consequently lost his right to judicial review. The Court need not resolve this issue because, regardless, he has not established that the removal order was fundamentally unfair. *See, e.g.*, *United States v. Cisneros-Resendiz*, 656 F.3d 1015 (9th Cir.2011) (deciding defendant's § 1326(d) claims solely on the issue of fundamental fairness.). Having reviewed the extensive recorded transcript of the deportation hearing, there is no merit to his claim that he was deprived of a fair hearing. *See* 8 U.S.C. §1326(d)(3)(deportation proceeding cannot be ruled invalid unless "the entry of the order was fundamentally unfair.")

With respect to his claim that the IJ improperly discredited his testimony, Gustave's inability to testify consistently as to whether his parents were dead or alive went to the crux of his asylum claim, and his proffered explanation for the inconsistencies–that he misused "parents" to mean his brother and sister–hardly compels acceptance.

Regarding his second claim, given the flaws in Gustave's testimony, it was not error to require corroborating evidence–which Gustave failed to produce, even though the IJ gave him ample opportunities to do so. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony

may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The defendant's complaint that he was unable to secure his siblings' appearance for testimonial corroboration does not negate the fact that the IJ gave him every opportunity to secure their appearance. *See* Tape 2[1], at 2:26-2:41 ("And I'm giving you some time to get your stuff together."); 7:38-8:14 (again discussing witnesses at the third hearing date). The IJ even emphasized to Gustave that his testimony "might be enough," but "suggest[ed]" that he also provide corroboration. Tape 1 at 44:00-44:27. Further, the IJ was inclined to find for Gustave, if he could. *Id.* at Tape 2, 34:31-35:09. (The IJ asserted to Gustave, "I don't want to be right" about the flaws in the case, but rather "I wish that you had some evidence that might be helpful to you.").

Finally, the record is clear that, far from creating a hostile environment, the IJ went to extraordinary lengths to ensure that Gustave had an adequate opportunity to present his case and, contrary to his overarching claim, the record was properly developed.

The defendant had ample opportunity to develop his case. The IJ granted him two adjournments to seek counsel. For example, in an effort to assist Gustave's

---

[1] "Tape" refers to the CD attached as Exhibit A to Attorney Yuhas' Affirmation.

efforts, the IJ told Gustave to inform potential lawyers that they could appear via telephone. Tape 1 at 13:03-13:25, 14:25-14:40, 15:14-15:32. Additionally, the IJ gave Gustave the opportunity at the final hearing to state anything he wanted on the record. Tape 2 at 40:54-43:44. Moreover, the IJ reserved decision for an additional thirty days so that Gustave could submit any additional evidence for consideration. To the extent that the IJ interrupted Gustave on occasion, he did so to exact precise testimony and ensure that Gustave was clearly understood. *See* Tape 2, 29:40-30:10. (IJ stopped Gustave's testimony and instructed him to answer a definitive "yes" or "no" first and then had him elaborate on the "because."). Here, the incidental interruptions did not rise to the level of procedural error. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003) (finding that mere discourtesy on the part of the IJ is insufficient to constitute a due process violation).

Even if there were procedural error, Gustave failed to establish prejudice. *United States v. Scott*, 394 F.3d 111, 117 (2d Cir. 2005) (A removal order is "fundamentally unfair" if there were "procedural error" and "prejudice result[s] from that error."). "Prejudice is shown where 'defects in the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred.'" *Copeland*, 376 F.3d at 73. Gustave has not made any showing there is a reasonable probability that, but for the IJ's conduct, he would not have been deported. *Id.* In effect, he now wishes to relitigate his asylum application in this Court. He simply

cannot do that. *See e.g. I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002) (finding that the asylum issue is to be decided by the agency, stating "a judicial judgment cannot be made to do service for an administrative judgment.") (citing *SEC v. Chenery Corp*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed 626 (1943)).

As for Gustave's alternative request for an evidentiary hearing, there are no relevant factual matters that need be resolved.

## CONCLUSION

Gustave's motion is denied.


**SO ORDERED**.

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 29, 2015